UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 7

Sachin Uppal,                                             Case No. 14-47267

    Debtor.                                               Hon. Phillip J. Shefferly
_____/

Daniel M. McDermott,                                      Adversary Proceeding
United States Trustee,                                    No. 14-04679-PJS

    Plaintiff,

v.

Sachin Uppal,

    Defendant.
_____/

### ORDER DENYING APPLICATION FOR APPOINTMENT OF PRO BONO COUNSEL

On April 27, 2014, the Debtor filed this case under Chapter 13 of the Bankruptcy Code. At the time, the Debtor was represented by an attorney. On May 12, 2014, the Debtor converted this case to Chapter 7. On July 14, 2014, the Debtor and his attorney filed a stipulation permitting the attorney to withdraw from further representation of the Debtor in the bankruptcy case. The Court approved the stipulation by order entered the same day.

On July 8, 2014, the United States Trustee filed an adversary proceeding seeking to deny the Debtor's discharge. The certificate of service filed in the adversary proceeding shows that the United States Trustee served the Debtor at his residence as required by Fed. R. Bankr. P. 7004(b)(1). The Debtor did not file a response to the complaint and, as a result, the Clerk entered a default on

August 12, 2014. On the same day, the United States Trustee filed a motion for default judgment, which the Court granted by order (ECF No. 6) entered on August 12, 2014.

On September 26, 2014, the Debtor filed an application (ECF No. 7) for appointment of pro bono counsel and attached to it a "Motion for Counsel" (together, the "Application"). The Application states that the Debtor's attorney in the bankruptcy case withdrew on July 14, 2014. Further, the Application states that a hearing took place in the Debtor's bankruptcy case on July 25, 2014, on the Debtor's motion to dismiss and on the United States Trustee's motion for Rule 2004 examination. The Application alleges that the Debtor was unaware of the hearing and was unrepresented at it. Finally, the Application alleges that the Debtor has a parallel criminal proceeding pending against him in which he has counsel, and requests that the Bankruptcy Court now appoint counsel in this adversary proceeding "so that [the Debtor] can both protect his Fifth Amendment rights and fully comply with the requirements of this Court."

There is no constitutional right to the appointment of pro bono counsel in a civil case. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right.") (citation omitted). The only statutory provision, the *in forma pauperis* statute, 28 U.S.C. § 1915(e), is not available in bankruptcy. United States v. Kras, 409 U.S. 434, 440 (1973). Although there is no constitutional right to the appointment of pro bono counsel in a civil case, the Bankruptcy Court for the Eastern District of Michigan administers a voluntary pro bono counsel program based upon need. The Court has adopted guidelines to assist it in evaluating the need of a particular applicant, but the appointment is ultimately up to the discretion of the Court.

The Debtor's Application in this case does not deny that the Debtor was properly served with the complaint in this adversary proceeding. Nor does it explain why the Debtor did not answer the summons and complaint. Although the Application notes that the Debtor's attorney in the bankruptcy case withdrew, the Application does not allege that the Debtor ever hired that attorney, or any other attorney, to represent him in this adversary proceeding. A review of the docket in this adversary proceeding does not show that any attorney ever appeared in it on behalf of the Debtor. The Application does not identify any meritorious defense that the Debtor has to the complaint in this adversary proceeding. Further, the Application does not explain why the Debtor waited for six weeks after the Court rendered a final judgment on August 12, 2014 before the Debtor filed the Application. Finally, the Application does not explain what possible grounds exist for the Court to now set aside the final judgment that it entered on August 12, 2014.

The Court finds that the Application must be denied for the following reasons. First, the proper time to request the appointment of pro bono counsel is after a complaint has been filed, not after a default judgment has been rendered, and the appeal period has expired. The Court's pro bono program makes no provision for appointment of counsel once a final judgment has been rendered and the case is closed. Second, even if the Court were inclined to overlook the fact that there is already a final judgment in this adversary proceeding, the Application does not contain a satisfactory explanation as to why the Debtor did not answer the complaint to begin with. The Application's allegations pertaining to the Debtor's attorney's withdrawal in the main bankruptcy case are irrelevant, as the Application does not allege that the Debtor hired that attorney to represent him in this adversary proceeding. Moreover, when the Debtor's attorney withdrew from the bankruptcy case on July 14, 2014, pursuant to the stipulation that the Debtor signed on that date, there was still

-3-

14-04679-pjs    Doc 8    Filed 09/30/14    Entered 09/30/14 14:01:30    Page 3 of 4

plenty of time for the Debtor to obtain counsel to represent him in this adversary proceeding or file an application for appointment of pro bono counsel by the Court. Unfortunately, the Debtor did neither until after the default judgment became final. For these reasons, the Court finds that the Application is both untimely and lacks merit. In these circumstances, no purpose would be served by now appointing pro bono counsel. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's application for appointment of pro bono counsel is denied.

.

```
Signed on September 30, 2014
                                           /s/ Phillip J. Shefferly
                                          Phillip J. Shefferly
                                          United States Bankruptcy Judge
```